SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
Tel. (914) 997-1346
*Attorneys for Plaintiffs*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

FERNANDO ARELLANO, JOSE LUIS HERNANDEZ,
MELISSA BACH, and DAVID ANDERSON,

                                    Plaintiffs,

            v.

ISAAC HERSHKO, HARVEY WEISMAN,
DAWN HERSHKO a/k/a DAWN ZICCARDI,
BO WEISMAN, YIFEI CHANG,
THE 22 S. LLC d/b/a THE PLAYHOUSE MARKET,
and 22 S. BROADWAY LLC,

                                    Defendants.
-------------------------------------------------------------------x

# 14 CIV. 8141

## JUDGE BRICCETTI

Civil Action No.:
ECF Case

## COMPLAINT

Plaintiffs, FERNANDO ARELLANO, JOSE LUIS HERNANDEZ, MELISSA BACH,
and DAVID ANDERSON, by and through their attorneys, Seham, Seham, Meltz & Petersen,
LLP, file this Complaint against Defendants ISAAC HERSHKO, HARVEY WEISMAN,
DAWN HERSHKO a/k/a DAWN ZICCARDI, BO WEISMAN, YIFEI CHANG, THE 22 S.
LLC d/b/a THE PLAYHOUSE MARKET, and 22 S. BROADWAY LLC., and state as follows:

## NATURE OF THE CASE

1.      Plaintiffs allege that pursuant to the Fair Labor Standards Act of 1938 (29 U.S.C.
§§201- 219) (hereinafter referred to as the "Act" or "FLSA"), they are entitled to recover from

the Defendants: (1) unpaid overtime; (2) unpaid minimum wages; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiffs further allege that pursuant to New York State Labor Law §§190 *et seq.*, §§ 650 *et seq.* ("NYLL"), and New York State Department of Labor Regulations, they are entitled to recover from Defendants: (1) unpaid overtime; (2) unpaid minimum wages; (3) damages for failure to provide annual pay notices and weekly wage statements; (4) unpaid spread of hours; (5) damages for retaliation; (6) liquidated damages; (7) prejudgment and post-judgment interest; and (8) attorneys' fees and costs.

## PARTIES

3.      Plaintiff, Fernando Arellano ("Arellano"), is an individual who resides in the State of New York.

4.      Plaintiff, Jose Luis Hernandez ("Hernandez"), is an individual who resides in the State of New York.

5.      Plaintiff Melissa Bach ("Bach"), is an individual who resides in the State of New York.

6.      Plaintiff David Anderson ("Anderson"), is an individual who resides in the State of New York.

7.      Plaintiffs Arellano and Hernandez were employed by the Defendants from March 11, 2014 to July 26, 2014 at The Playhouse Market, a gourmet variety marketplace, located at 20 South Broadway, Nyack, New York 10960.

8.      Plaintiff Bach was employed by the Defendants at The Playhouse Market from February 16, 2014 until April 1, 2014.

9.     Plaintiff Anderson was employed by the Defendants at The Playhouse Market from December 1, 2013 until May 12, 2014.

10.     Defendant, The 22 S. LLC d/b/a The Playhouse Market, is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business at 20 South Broadway, Nyack, New York 10960.

11.     The 22 S. LLC d/b/a The Playhouse Market constitutes an "enterprise" within the meaning of section 3(r)(1) of the Act.  Said enterprise, at all times hereinafter mentioned, had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, the Plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the Act, as amended.

12.     Upon information and belief, The 22 S. LLC d/b/a The Playhouse Market was at all relevant times in active control and management in relation to said employees, and was thus an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

13.     Defendant, 22 S. Broadway LLC, is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business at 20 South Broadway, Nyack, New York 10960.

14.     Upon information and belief, 22 S. Broadway LLC is the owner of the real property located at 20 South Broadway, Nyack, New York 10960.

3

15.     22 S. Broadway LLC constitutes an "enterprise" within the meaning of section 3(r)(1) of the Act.  Said enterprise, at all times hereinafter mentioned, had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, the Plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the Act, as amended.

16.     Upon information and belief, 22 S. Broadway LLC was at all relevant times in active control and management in relation to said employees, and was thus an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

17.     Defendant, Isaac Hershko is an individual who resides in the County of Nassau, State of New York.

18.     In an action filed on August 18, 2014, in the Supreme Court of the State of New York, County of Nassau, by Defendant Isaac Hershko against Plaintiffs Arellano and Hernandez, under Index No. 604274/2014, Isaac Hershko states that "[h]is involvement [in the Playhouse Market] was as a manager brought in to facilitate the change in ownership and in the opening of a gourmet market store."

19.     Upon information and belief, Isaac Hershko is an owner, officer, director, member and/or managing agent of The 22 S. LLC d/b/a The Playhouse Market, and is engaged in the payroll practices of The 22 S. LLC d/b/a The Playhouse Market.

4

20.     Upon information and belief, Isaac Hershko is an owner, officer, director, member and/or managing agent of 22 S. Broadway LLC, and is engaged in the payroll practices of 22 S. Broadway LLC.

21.     Upon information and belief, Isaac Hershko was, at all times, in active control and management of The Playhouse Market, regulated the employment of all persons employed by The Playhouse Market, acted directly and indirectly in the interest of The Playhouse Market in relation to said employees, and was thus an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

22.     Defendant, Harvey Weisman ("Weisman"), is an individual who resides in the County of Nassau, State of New York.

23.     Upon information and belief, Weisman is an owner, officer, director, member and/or managing agent of The 22 S. LLC d/b/a The Playhouse Market, and is engaged in the payroll practices of The 22 S. LLC d/b/a The Playhouse Market.

24.     Upon information and belief, Weisman is an owner, officer, director, member and/or managing agent of 22 S. Broadway LLC, and is engaged in the payroll practices of 22 S. Broadway LLC.

25.     Upon information and belief, Weisman was, at all times, in active control and management of The Playhouse Market, regulated the employment of all persons employed by The Playhouse Market, acted directly and indirectly in the interest of The Playhouse Market in relation to said employees, and was thus an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

26.     Defendant Dawn Hershko a/k/a Dawn Ziccardi is an individual who resides in the County of Nassau, State of New York.

5

27. According to the website of The Playhouse Market, Dawn Hershko "is the brainchild behind the concept for Playhouse Market." (See: http://www.playhousemarket.com/bios-3/).

28. According to the website of The Playhouse Market, Dawn Hershko closely collaborates with the culinary team.

29. Media articles in the Rivertown Magazine, the Nyack Free Press, the New City Patch, the Journal News, and the Rockland Art Center blog regarding the opening of The Playhouse Market all refer to Dawn Hershko as the designer and co-owner of The Playhouse Market.

30. Upon information and belief, Dawn Hershko is an owner, officer, director, member and/or managing agent of The 22 S. LLC d/b/a The Playhouse Market, and is engaged in the payroll practices of The 22 S. LLC d/b/a The Playhouse Market.

31. Upon information and belief, Dawn Hershko is an owner, officer, director, member and/or managing agent of 22 S. Broadway LLC, and is engaged in the payroll practices of 22 S. Broadway LLC.

32. Upon information and belief, Dawn Hershko was, at all times, in active control and management of The Playhouse Market, regulated the employment of all persons employed by The Playhouse Market, acted directly and indirectly in the interest of The Playhouse Market in relation to said employees, and was thus an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

33. Defendant, Bo Weisman, is an individual who resides in the County of Nassau, State of New York.

6

34.     An article in the Journal News on May 10, 2014, entitled "Playhouse Market Grand Opening, Nyack," refers to "Co-owners Bo and Harvey Weissman."  (See: http://www.lohud.com/story/life/food/small-bites/2014/05/10/playhouse-market-grand-opening-nyack/8940673/).

35.     Upon information and belief, Bo Weisman is an owner, officer, director, member and/or managing agent of The 22 S. LLC d/b/a The Playhouse Market, and is engaged in the payroll practices of The 22 S. LLC d/b/a The Playhouse Market.

36.     Upon information and belief, Bo Weisman is an owner, officer, director, member and/or managing agent of 22 S. Broadway LLC, and is engaged in the payroll practices of 22 S. Broadway LLC.

37.     Upon information and belief, Bo Weisman was, at all times, in active control and management of The Playhouse Market, regulated the employment of all persons employed by The Playhouse Market, acted directly and indirectly in the interest of The Playhouse Market in relation to said employees, and was thus an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

38.     Upon information and belief, Defendant, Yifei Chang ("Chang"), is an individual who resides in the State of New York.

39.     Upon information and belief, Chang was and/or is an owner, officer, director, member and/or managing agent of The 22 S. LLC d/b/a The Playhouse Market, and is engaged in the payroll practices of The 22 S. LLC d/b/a The Playhouse Market.

40.     Upon information and belief, Chang was and/or is an owner, officer, director, member and/or managing agent of 22 S. Broadway LLC, and is engaged in the payroll practices of 22 S. Broadway LLC.

7

41.     Upon information and belief, Chang was, at all times, in active control and management of The Playhouse Market, regulated the employment of all persons employed by The Playhouse Market, acted directly and indirectly in the interest of The Playhouse Market in relation to said employees, and was thus an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

## JURISDICTION AND VENUE

42.     Jurisdiction is conferred on the Court by 28 U.S.C. §1337, giving the District Court original jurisdiction of "any civil action or proceeding arising under any Act of Congress regulating commerce," without regard to the citizenship of the parties or the sum or value in controversy; by 28 U.S.C. §1331 giving the District Court original jurisdiction of "all civil actions arising under the … laws … of the United States," and by section 16(b) of the Act (29 U.S.C. §216(b)).

43.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

44.     Venue in this Court is proper under 28 U.S.C. § 1391, because Defendants maintain their principal place of business in, do business in, and accordingly reside in, this District.

45.     Venue is also proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## FACTS

46.     At all relevant times, each Defendant was an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203(d).

47.     At all relevant times, each Defendant was an "employer" within the meaning of Section 190 of the NYLL.

48.     At all relevant times, each Plaintiff was an "employee" of the Defendants, within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

49.     At all relevant times, each Plaintiff was an "employee" of the Defendants, within the meaning of Section 190 of the NYLL.

50.     In an action filed on August 18, 2014, in the Supreme Court of the State of New York, County of Nassau, by Defendant Isaac Hershko against Plaintiffs Arellano and Hernandez, under Index No. 604274/2014, Isaac Hershko admitted that "both Arellano and Hernandez … were recently affiliated with the Playhouse Market in Nyack, NY in an employment capacity."

51.     At all times herein set forth, the Defendants engaged in business activity in the State of New York.

52.     At all times herein, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to compensate Plaintiffs in accordance with the FLSA and the NYLL.

### Wage Violations

53.     Plaintiff Arellano was employed by the Defendants as a pizza maker from March 11, 2014 until July 26, 2014.

54.     Plaintiff Hernandez was employed by the Defendants as a pizza maker from March 11, 2014 until July 26, 2014.

55.     Plaintiff Bach was employed by the Defendants as a barista and assistant manager from February 16, 2014 until April 1, 2014.

56.     Plaintiff Anderson was employed by the Defendants as a chef from December 1, 2013 until May 12, 2014.

57.     Plaintiffs Arellano and Hernandez worked for the Defendants an average of approximately 80 (eighty) hours per week.

58.     On average, each Plaintiffs Arellano and Hernandez worked approximately 40 hours of overtime per week.

59.     On average, Plaintiff Anderson worked 56 (fifty-six) hours per week.

60.     On average, Plaintiff Anderson worked approximately 16 (sixteen) hours of overtime per week.

61.     Defendants failed and refused to compensate Plaintiffs for all of their straight-time hours at the minimum wage required by the FLSA and the NYLL.

62.     Defendants failed and refused to compensate Plaintiffs for any of their work hours in excess of forty (40) hours per week at rates not less than one and one-half (1.5) times the regular rates at which they were employed, as required by the FLSA, NYLL and supporting New York State Department of Labor Regulations.

63.     Defendants failed and refused to pay each Plaintiff an additional one hour's pay at the basic minimum hourly wage for each day in which each Plaintiff's spread of hours exceeded ten (10), as required by the New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142-2.4.

64.     Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which the Plaintiffs were not paid minimum wage, overtime pay, and spread of hours pay.

65.     Upon information and belief, Defendants knew that the nonpayment of minimum wage, overtime and spread of hours pay would economically injure the Plaintiffs and that such nonpayment violated the FLSA, NYLL and New York State Department of Labor Regulations.

66.     During the entire period of Plaintiffs' employment, the Defendants engaged in willful violation of the minimum wage, overtime, and spread of hours pay requirements, in violation of the FLSA, NYLL and New York State Department of Labor Regulations.

67.     During Plaintiffs' employment, Defendants failed to provide Plaintiffs with annual pay notices as required by NYLL § 195(1).

68.     Pursuant to NYLL § 198(1-b), Plaintiffs are entitled to damages for Defendants' failure to provide annual pay notices.

69.     During Plaintiffs' employment, Defendants failed to provide Plaintiffs with wage statements with every payment of wages, as required by NYLL § 195(3).

70.     Pursuant to NYLL § 198(1-d), Plaintiffs are entitled to damages for Defendants' failure to provide wage statements with every payment of wages.

71.     Collectively, Plaintiffs are owed minimum wages, overtime pay, spread of hours pay, and damages for Defendants' failure to provide annual pay notices and wage statements totaling approximately $135,000, and Plaintiffs are entitled to recovery of such amounts plus liquidated damages, prejudgment interest, costs, and reasonable attorneys' fees.

### Retaliation against Plaintiffs Arellano and Hernandez

72.     Upon information and belief, on or about July 9, 2014, The Playhouse Market was shut down by the Village of Nyack due to safety and building code violations.

73.     At the time that The Playhouse Market was shut down, Defendants owed Plaintiffs minimum wages, overtime pay, and pay for spread of hours.

74.     After The Playhouse Market was shut down, Plaintiffs demanded that the Defendants pay all of the of their outstanding wages.

75.     Defendants refused to pay the Plaintiffs their outstanding wages.

76.     In response to Defendants' refusal to pay the Plaintiffs their outstanding wages, on August 6 and 10, 2014, Plaintiffs, along with other similarly situated unpaid employees and former employees, picketed in front of The Playhouse Market to demand that the Defendants pay their back wages.

77.     On August 14, 2014, Plaintiffs Arellano, Hernandez, Bach and Anderson filed wage complaints with the New York State Department of Labor to investigate their claims of wage theft by the Defendants.

78.     On August 21, 2014, Plaintiffs Arellano and Hernandez filed a complaint against the Defendants with the New York State Division of Human Rights.

79.     On August 21, 2014, Defendant Hershko caused Plaintiffs Arellano and Hernandez to be served with a summons and complaint in an action entitled "Isaac Hershko v. Fernando Arellano and Jose Luis Hernandez," which was filed in the Supreme Court of the State of New York, County of Nassau, under Index No. 604274/2014.

80.     Hershko's lawsuit against Plaintiffs Arellano and Hernandez is based on claims of defamation, prima facie tort, and tortious interference with prospective business advantage.

12

81.     Hershko's lawsuit against Plaintiffs Arellano and Hernandez concedes that it was filed because Plaintiffs had protested that Hershko "did not pay employees proper wages."

82.     Hershko's lawsuit against Plaintiffs Arellano and Hernandez was filed in retaliation for Arellano's and Hernandez's complaints regarding the Defendants' failure to pay said Plaintiffs' wages.

83.     Hershko filed his retaliatory lawsuit against Plaintiffs Arellano and Hernandez in an attempt to intimidate and dissuade said Plaintiffs from asserting their rights under the FLSA and NYLL.

84.     As a result of Hershko's retaliatory lawsuit, Plaintiffs Arellano and Hernandez were caused to suffer severe emotional injuries, humiliation, and mental anguish.

**FIRST CAUSE OF ACTION**
**(FLSA Overtime Claims By Plaintiffs Arellano,**
**Hernandez, and Anderson Against All Defendants)**

85.     Plaintiffs repeat and re-allege each and every allegation contained in this Complaint as if fully set forth herein.

86.     At all times relevant to this cause of action, Defendants employed Plaintiffs within the meaning of the FLSA.

87.     Plaintiffs Arellano, Hernandez, and Anderson regularly performed work for the Defendants in excess of forty (40) hours per week.

88.     Defendants willfully violated the FLSA by failing to pay Plaintiffs Arellano, Hernandez, and Anderson for their work hours in excess of forty hours per week at rates not less than one and one-half (1.5) times the regular rates at which they were employed, as required by Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1).

89.     Defendants' acts and/or omissions in failing, refusing or neglecting to pay Plaintiffs overtime compensation were not made in good faith. Defendants are therefore required to pay Plaintiffs 100% liquidated damages. 29 U.S.C. § 216(b).

90.     As a consequence of Defendants' willful violation of Plaintiffs' rights under the FLSA, Plaintiffs Arellano, Hernandez, and Anderson are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages for work actually performed, an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

91.     Plaintiffs are collectively entitled to recover on their FLSA overtime claims an amount to be determined at trial, but no less than $90,000 total, plus an additional equal amount as liquidated damages, prejudgment interest, post-judgment interest, and reasonable attorneys' fees, costs and disbursements incurred in this action.

### SECOND CAUSE OF ACTION
### (FLSA Minimum Wage Claims Against All Defendants)

92.     Plaintiffs repeat and re-allege each and every allegation contained in this Complaint as if fully set forth herein.

93.     At all times relevant to this cause of action, Defendants employed Plaintiffs within the meaning of the FLSA.

94.     Defendants willfully violated the FLSA by failing to pay Plaintiffs minimum wages, as required under FLSA § 6(a), 29 U.S.C. § 206(a).

95.     As a consequence of Defendants' willful violation of Plaintiffs' rights under the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid

minimum wages for work actually performed, an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

96.     Plaintiffs are collectively entitled to recover on their FLSA minimum wage claims an amount to be determined at trial, but no less than $73,000 total, plus an additional equal amount as liquidated damages, prejudgment interest, post-judgment interest, and reasonable attorneys' fees, costs and disbursements incurred in this action.

### THIRD CAUSE OF ACTION
### (NYLL Overtime Claims By Plaintiffs Arellano, Hernandez, and Anderson Against All Defendants)

97.     Plaintiffs repeat and re-allege each and every allegation contained in this Complaint as if fully set forth herein.

98.     At all times relevant to this cause of action, Defendants employed Plaintiffs within the meaning of the NYLL and supporting New York State Department of Labor Regulations.

99.     Plaintiffs Arellano, Hernandez, and Anderson regularly performed work for the Defendants in excess of forty (40) hours per week.

100.    Defendants failed, refused and/or neglected to pay Plaintiffs Arellano, Hernandez, and Anderson overtime compensation for their work hours in excess of forty (40) hours per week at rates not less than one and one-half (1.5) times the regular rates at which they were employed, as required by the NYLL and the supporting New York State Department of Labor Regulations.

101.    As a consequence of Defendants' violation of Plaintiffs' rights under the NYLL and supporting New York State Department of Labor Regulations, Plaintiffs Arellano, Hernandez, and Anderson are entitled to recover from Defendants, jointly and severally, the following:  (a) unpaid overtime wages calculated at the rate of not less than one and one-half

15

(1.5) times the regular rate for all hours worked over forty (40) hours per week; (b) an additional amount as liquidated damages equal to one hundred percent (100%) of the total amount of unpaid overtime wages, pursuant to NYLL § 198(1-a); (c) prejudgment interest as required under the New York Civil Practice Law and Rules; and (d) reasonable attorneys' fees, costs and disbursements incurred in this action.

102.    Plaintiffs Arellano, Hernandez, and Anderson are collectively entitled to recover on their NYLL overtime claims an amount to be determined at trial, but no less than $90,000 total, plus an additional equal amount as liquidated damages, prejudgment interest, post-judgment interest, and reasonable attorneys' fees, costs and disbursements incurred in this action.

### FOURTH CAUSE OF ACTION
**(Plaintiff's NYLL Minimum Wage Claims Against All Defendants)**

103.    Plaintiffs repeat and re-allege each and every allegation contained in this Complaint as if fully set forth herein.

104.    At all times relevant to this cause of action, Defendants employed Plaintiffs within the meaning of the NYLL and supporting New York State Department of Labor Regulations.

105.    Defendants willfully failed to pay Plaintiffs minimum wages for hours worked as required by the NYLL and supporting New York State Department of Labor Regulations.

106.    As a consequence of Defendants' willful violation of Plaintiffs rights under the NYLL and supporting New York State Department of Labor Regulations, Plaintiffs are entitled to recover from Defendants, jointly and severally, the total amount of their unpaid wages for work actually performed, an additional amount in liquidated damages, costs, and reasonable attorneys' fees pursuant to the N.Y. Lab. Law § 663(1) *et al.* and § 198.

107.    Plaintiffs are collectively entitled to recover on their NYLL minimum wage claims an amount to be determined at trial, but no less than $73,000 total, plus an additional equal amount as liquidated damages, prejudgment interest, post-judgment interest, and reasonable attorneys' fees, costs and disbursements incurred in this action.

### FIFTH CAUSE OF ACTION
### (Violation of FLSA – Retaliation)

108.    Plaintiffs repeat and re-allege each and every allegation contained in this Complaint as if fully set forth herein.

109.    Hershko's lawsuit against Plaintiffs Arellano and Hernandez for defamation, prima facie tort, and tortious interference with prospective business advantage was filed in retaliation for said Plaintiffs' complaints regarding the Defendants' failure to pay said Plaintiffs' wages.

110.    Hershko filed his retaliatory lawsuit against Plaintiffs Arellano and Hernandez in an attempt to intimidate and dissuade said Plaintiffs from asserting their rights under the FLSA and NYLL.

111.    The filing of Hershko's retaliatory lawsuit against Plaintiffs Arellano and Hernandez violated Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

112.    As a result of Hershko's retaliatory lawsuit, Plaintiffs Arellano and Hernandez were caused to suffer severe emotional injuries, humiliation, and mental anguish.

113.    As a consequence of Hershko's retaliatory conduct in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), Plaintiffs Arellano and Hernandez are entitled to recover from Defendants, jointly and severally, the following:  (a) punitive damages; (b) damages for emotional distress; and (c) reasonable attorneys' fees, costs and disbursements incurred in this action.

## SIXTH CAUSE OF ACTION
### (Violation of NYLL - Retaliation)

114.    Plaintiffs repeat and re-allege each and every allegation contained in this Complaint as if fully set forth herein.

115.    Hershko's lawsuit against Plaintiffs Arellano and Hernandez for defamation, prima facie tort, and tortious interference with prospective business advantage was filed in retaliation for said Plaintiffs' complaints regarding the Defendants' failure to pay said Plaintiffs' wages.

116.    Hershko filed his retaliatory lawsuit against Plaintiffs Arellano and Hernandez in an attempt to intimidate and dissuade said Plaintiffs from asserting their rights under the FLSA and NYLL.

117.    The filing of Hershko's retaliatory lawsuit against the Plaintiffs Arellano and Hernandez violated NYLL §215.

118.    As a result of Hershko's retaliatory lawsuit, Plaintiffs Arellano and Hernandez were caused to suffer severe emotional injuries, humiliation, and mental anguish.

119.    Pursuant to NYLL § 215(2)(b), Plaintiffs Arellano and Hernandez have served notice of the commencement of this action under NYLL § 215 upon the attorney general.

120.    As a consequence of Hershko's retaliatory conduct in violation of NYLL § 215, Plaintiffs Arellano and Hernandez are entitled to recover from Defendants, jointly and severally, the following:  (a) liquidated damages in the amount of ten thousand dollars per Plaintiffs Arellano and Hernandez; (b) punitive damages; (c) damages for emotional distress; and (d) reasonable attorneys' fees, costs and disbursements incurred in this action.

## SEVENTH CAUSE OF ACTION
### (Unpaid Spread of Hours Pay under NYLL)

121.   Plaintiffs repeat and re-allege each and every allegation contained in this Complaint as if fully set forth herein.

122.   At all times relevant to this cause of action, Defendants employed Plaintiffs within the meaning of the NYLL and supporting New York State Department of Labor Regulations.

123.   Defendants willfully failed to pay Plaintiffs spread of hours pay for days on which more than 10 hours elapsed from the time Plaintiffs started work to the time Plaintiffs left work for the day, as required by the NYLL and supporting New York State Department of Labor Regulations.

124.   As a consequence of Defendants' willful violation of Plaintiff's rights under the NYLL and supporting New York State Department of Labor Regulations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid spread of hours pay for days on which more than 10 hours elapsed from the time Plaintiffs started work to the time Plaintiffs left work for the day, an additional amount in liquidated damages, costs, and reasonable attorneys' fees pursuant to the N.Y. Lab. Law § 663(1) *et al.* and § 198.

## EIGHTH CAUSE OF ACTION
### (Failure to Provide Annual Pay Notices)

125.   Plaintiffs repeat and re-allege each and every allegation contained in this Complaint as if fully set forth herein.

126.   Defendants failed to provide Plaintiffs with annual pay notices as required by NYLL § 195(1).

127.    Plaintiffs are entitled to damages of fifty dollars for each work week that the annual pay notices were not provided, pursuant to NYLL § 198(1-b).

## NINTH CAUSE OF ACTION
### (Failure to Provide Weekly Wage Statements)

128.    Plaintiffs repeat and re-allege each and every allegation contained in this Complaint as if fully set forth herein.

129.    Defendants failed to provide Plaintiffs with wage statements with every payment of wages, as required by NYLL § 195(3).

130.    Plaintiffs are entitled to damages of $100 for each work week that the required wage statements were not provided, pursuant to NYLL § 198(1-d).

## RELIEF DEMANDED

**WHEREFORE**, cause having been shown, Plaintiffs, Fernando Arellano, Jose Luis Hernandez, Melissa Bach and David Anderson, pray for judgment jointly and severally against Defendants as follows:

1.    On the First Cause of Action (FLSA overtime), damages in an amount to be determined at trial, but no less than $90,000;

2.    On the Second Cause of Action (FLSA minimum wage), damages in an amount to be determined at trial, but no less than $73,000;

3.    On the Third Cause of Action (NYLL overtime), damages in an amount to be determined at trial, but no less than $90,000;

4.    On the Fourth Cause of Action (NYLL minimum wage), damages in an amount to be determined at trial, but no less than $73,000;

5. On the Fifth Cause of Action (FLSA Retaliation), damages in an amount to be determined at trial;

6. On the Sixth Cause of Action (NYLL Retaliation), damages in an amount to be determined at trial;

7. On the Seventh Cause of Action (spread of hours), damages in an amount to be determined at trial;

8. On the Eighth Cause of Action (annual pay notices), damages of fifty dollars for each work week that the annual pay notices were not provided;

9. On the Ninth Cause of Action (wage statements), damages of $100 for each work week that the required wage statements were not provided;

10. Awarding an additional equal amount of the unpaid wages as liquidated damages;

11. Awarding prejudgment and post-judgment interest;

12. Awarding reasonable attorneys' fees, costs and disbursements incurred in this action; and

13. Granting such additional relief as the Court deems proper and just.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury as to all claims to which they are entitled.

Dated:  October 9, 2014

Lee Seham
Stanley J. Silverstone
Seham, Seham, Meltz & Petersen, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
Tel: (914) 997-1346
Fax: (914) 997-7125
Email: ssilverstone@ssmplaw.com

*Attorneys for Plaintiffs*